Citation Nr: 1725248 
Decision Date: 06/15/17 Archive Date: 07/17/17

DOCKET NO. 12-33 673A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to an effective date earlier than August 28, 2012 for a compensable evaluation for hypertension.


REPRESENTATION

Appellant represented by: Alabama Department of Veterans Affairs


ATTORNEY FOR THE BOARD

H. Fisher, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the Army from September 2005 to February 2011.

These matters are before the Board of Veterans' Appeals (Board) on appeal from a October 2011 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama that granted service connection for hypertension and lumbar spine degenerative disc disease.

In January 2012, the Veteran filed a Notice of Disagreement with the October 2011 rating decision. In a November 2012 rating decision, the RO increased the Veteran's noncompensable evaluation for hypertension to 10 percent effective August 28, 2012. The RO did not change the 20 percent rating for the Veteran's lumbar spine degenerative disc disease. Concurrently, a Statement of the Case (SOC) was filed regarding the issues in the Veteran's Notice of Disagreement. In December 2012, the Veteran filed a Substantive Appeal. The Board reads his narrow appeal to apply solely to the effective date of the increase in his evaluation for hypertension. As such, the effective date for the compensable evaluation for hypertension is the only issue properly on appeal.

The Board notes that the RO has subsequently issued another rating decision in February 2017 continuing the 10 percent and 20 percent ratings for the Veteran's hypertension and lumbar spine degenerative disc disease, respectively. 


FINDINGS OF FACT

The Veteran's entitlement to a compensable rating for hypertension arose as of March 12, 2012 when his diastolic pressure readings were predominantly 100 or more while under medication to control the condition.


CONCLUSION OF LAW

The criteria for an earlier effective date of March 12, 2012, for the increased rating for hypertension have been met. 38 U.S.C.A. §§ 5107, 5110 (West 2014); 38 C.F.R. §§ 3.157, 3.159, 3.340, 3.341, 3.400 (2016).
REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran contends in his Substantive Appeal that the proper effective date for the compensable rating for hypertension should be January 2012, presumably coinciding with his Notice of Disagreement to the October 2011 rating decision granting service connection. 

The provisions for the determination of an effective date of an award of disability compensation are set forth in 38 U.S.C.A. § 5110. Except as otherwise provided, the effective date of the award of an evaluation based on an original claim, a claim reopened after a final disallowance, or a claim for an increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400. 

The Veteran's hypertension was initially rated as noncompensable under Diagnostic Code 7101, which pertains to hypertensive vascular disease (hypertension and isolated systolic hypertension). DC 7101 provides for a 10 percent rating where diastolic pressure is predominantly 100 or more; systolic pressure is predominantly 160 or more; or where an individual has a history of diastolic pressure that is predominantly 100 or more which requires continuous medication for control. A 20 percent rating may be assigned with diastolic pressure predominantly 110 or more or systolic pressure predominantly 200 or more. Diastolic pressure of 120 or more is rated as 40 percent disabling and a maximum 60 percent rating is warranted for diastolic pressure of 130 or more. 38 C.F.R. § 4.104, DC 7101 (2016). Where the criteria for a compensable rating under a diagnostic code are not met, and the schedule does not provide for a zero percent rating, as in Diagnostic Code 7101, a zero percent evaluation will be assigned when the required symptomatology is not shown. 38 C.F.R. § 4.31 (2016).

In the present case, the Veteran was initially only entitled to a noncompensable rating for his hypertension as it did not manifest with diastolic pressure predominantly 100 or more; systolic pressure predominantly 160 or more; or where there was a history of diastolic pressure that is predominantly 100 or more which requires continuous medication for control. 

The Veteran's service treatment records reflect blood pressure readings predominantly below the compensable threshold. 

By way of example, in April 2008, his blood pressure was 145/98. In November 2008, his blood pressure was 130/87. In July 2009, his blood pressure was 145/75. In March 2010, his blood pressure was 134/83. In April 2010, his blood pressure was 150/90 and 152/94. In July 2010, his blood pressure was 149/92, 140/95, and 150/110. 

While there were occasional readings of diastolic in excess of 100 while on continuous medication for control, the Veteran's blood pressure was not predominantly in that range for the purposes of the rating schedule. Furthermore, the Veteran reported intermittently forgetting to take his medication (which the Board understands), but it is unclear how that affected the results in service. 

In a post-service VA examination in October 2011, the Veteran's blood pressure was 124/85, 146/93, and 143/90. On December 6, 2011, the Veteran's blood pressure was 176/116 after he had run out of his blood pressure medication. In March 2012, the Veteran's blood pressure readings were 159/101 and 144/96. In August 2012, his blood pressure was 140/90, 159/101, and 159/101. In October 2012, his blood pressure was 145/85 and 153/95.

By March 12, 2012, the Veteran had a recent history of diastolic measurements in excess of 100 even under the control of medication, which represented a trend that continued through August 2012 and the RO's November 2011 increased rating decision. While the Veteran's initial spike in blood pressure started while he was off his medication in December 2011, the readings were not predominantly in excess of the limits set by the rating schedule until March 2012. 

As such, entitlement to a 10 percent evaluation for hypertension arose on March 12, 2012, and not August 28, 2012. 

Resolving doubt in favor of the Veteran, the Board finds that he is entitled to an earlier effective date for a compensable rating for hypertension.

ORDER

Entitlement to an earlier effective date for the award of a 10 percent rating for hypertension is granted as of March 12, 2012.



JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs